Misc No. ____

# In the United States Court of Appeals
# for the Federal Circuit

In re SCHOTT Gemtron Corporation,

*Petitioner.*

Petition for a Writ of Mandamus to the
United States Patent and Trademark Office,
Patent Trial and Appeal Board, in Case No. IPR2013-00358

## PETITION FOR A WRIT OF MANDAMUS

Marshall J. Schmitt
Gilberto E. Espinoza
Andrew T. Dufresne
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 N. Stetson Avenue, Suite 2000
Chicago, Illinois  60601-6710
Telephone: 312-222-0800
Facsimile: 312-222-0818
*Attorneys for Petitioner*
*SCHOTT Gemtron Corporation*

April 6, 2015

**Form 9**

FORM 9.  Certificate of Interest

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

In re SCHOTT Gemtron Corporation ____v.____ _____

No. _____

# CERTIFICATE OF INTEREST

Counsel for the (petitioner) (appellant) (respondent) (appellee) (amicus) (name of party)
SCHOTT Gemtron Corporation certifies the following (use "None" if applicable; use extra sheets if necessary):

1.      The full name of every party or amicus represented by me is:

SCHOTT Gemtron Corporation

_____

2.      The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

SCHOTT Gemtron Corporation

_____

3.      All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

SCHOTT Corporation, AFG Industries, Inc., SCHOTT AG, AGC America, Inc., Carl-Zeiss-Stiftung, Asahi Glass Co., Ltd.

_____

4.  ☐   The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

Marshall J. Schmitt, Gilberto E. Espinoza, Andrew T. Dufresne of Michael Best & Friedrich LLP
Oliver Zltzmann, Head of Intellectual Property SCHOTT AG and Deputy General Counsel of SCHOTT North America, Inc.

_____

| April 6, 2015 | /s/ Marshall J. Schmitt |
|---|---|
| Date | Signature of counsel |
| | Marshall J. Schmitt |
| | Printed name of counsel |

Please Note: All questions must be answered

cc: Office of the Solicitor, USPTO; Nate Dilger (counsel for SSW)

124                                    i

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTEREST ....................................................................i

TABLE OF AUTHORITIES .................................................................. iii

I.    Introduction .............................................................................. 1

II.   Jurisdictional Statement ................................................... 3

III.  Legal Standard ..................................................................... 3

IV.  Relief Sought ......................................................................... 4

V.    Issue Presented ..................................................................... 4

VI.  Statement of Facts .............................................................. 4

VII. Reasons for Granting the Writ ......................................... 6

     A.    The Board Exceeded Its Authority By
           Refusing To Hear Grounds 1 And 8 As
           Redundant ...................................................................... 6

     B.    This Case Meets The Stringent
           Requirements For Mandamus ............................... 11

VIII. Conclusion........................................................................... 12

# TABLE OF AUTHORITIES

**Page**

## Cases

*Cohesive Techs., Inc. v. Waters Corp.,*
  543 F.3d 1364 (Fed. Cir. 2008) .............................................. 9

*In re Cuozzo Speed Technologies, LLC,*
  No. 2014-1301, 2015 U.S. App. LEXIS 1699
  (Fed. Cir. Feb. 4, 2015) ......................................... 1, 3, 6, 12

*In re Dominion Dealer Solutions, LLC,*
  749 F.3d 1379 (Fed. Cir. 2014) ............................................ 11

*In re Paulsen,*
  30 F.3d 1475 (Fed. Cir. 1994) ............................................. 10

*In re Princo Corp.,*
  478 F.3d 1345 (Fed. Cir. 2007) ............................................. 3

*In re Procter & Gamble Co.,*
  749 F.3d 1376 (Fed. Cir. 2014) ............................................ 11

*In re Rhone-Poulenc Inc.,*
  51 F.3d 1293 (7th Cir. 1995) .............................................. 11

*In re TS Tech USA Corp.,*
  551 F.3d 1315 (Fed. Cir. 2008) ............................................. 3

*Madden v. Myers,*
  102 F.3d 74 (3d Cir. 1996) ................................................ 11

*State Contracting & Eng'g Corp. v. Condotte Am.,*
  *Inc.,*
  346 F.3d 1057 (Fed. Cir. 2003) ............................................. 9

*Weil v. Dann,*
  503 F.2d 562 (CCPA 1974) .................................................. 3

## Statutes

28 U.S.C. § 1295 ............................................................ 3

28 U.S.C. § 1651 ............................................................ 2

35 U.S.C. § 314(a) .......................................................... 8

# TABLE OF AUTHORITIES

**Page**

35 U.S.C. § 314(d) ............................................................................2, 10

35 U.S.C. § 316(b) ...................................................................... 7, 8

35 U.S.C. § 326(b) ...................................................................... 7, 8

5 U.S.C. § 553 ..................................................................................9

## Other Authorities

*Liberty Mutual Ins. Co. v. Progressive Casualty*
   *Ins. Co.*, CBM2012-00003, Paper 7 (PTAB Oct.
   25, 2012) ........................................................................6, 7

## Rules

37 C.F.R. § 42.1(b) .................................................................. 7, 8

## Regulations

77 Fed. Reg. 48612, 48615 (Aug. 14, 2012) ...............................8

## I.    Introduction

In an appeal currently pending before this Court, petitioner SCHOTT Gemtron Corp. ("SCHOTT") has challenged the failure by the Patent Trial and Appeal Board ("the Board") to hear certain proposed grounds of invalidity. *See* Appellant's Br. at 61–72, *SCHOTT Gemtron Corp. v. SSW Holding Co.*, No. 15-1073 (Fed. Cir. Jan. 21, 2015), ECF No. 16. Specifically, the Board dismissed certain grounds of invalidity based on anticipation and on obviousness as allegedly being "redundant" with other distinct obviousness grounds presented at trial.

In light of this Court's intervening guidance in *In re Cuozzo Speed Technologies, LLC*, No. 2014-1301, 2015 U.S. App. LEXIS 1699 (Fed. Cir. Feb. 4, 2015), SCHOTT files this petition out of an abundance of caution to ensure that its substantive challenge to the Board's decision is presented properly for the Court's consideration.[1] Accordingly, SCHOTT respectfully requests that this petition be consolidated with or decided in conjunction with pending Case No. 15-1073.

---

[1] SCHOTT filed its opening brief in pending Case No. 15-1073 on January 21, 2015, and this Court issued its decision in *Cuozzo* on February 4, 2015.

1

As set forth in its opening brief, SCHOTT believes that the Board's decision that Grounds 1 and 8 are redundant is subject to appellate review by this Court. *See* Appellant's Br. at 61–72, *SCHOTT Gemtron Corp. v. SSW Holding Co.*, No. 15-1073 (Fed. Cir. Jan. 21, 2015), ECF No. 16. SCHOTT is not challenging the Board's decision *whether* to institute trial—the Board decided to institute trial, and that decision is not in dispute. SCHOTT instead disputes the Board's decision on how it would conduct the trial, namely, by excluding Grounds 1 and 8 on the basis of redundancy. In this case, the Board instituted trial and issued a final written decision, and the Board's conclusions on redundancy are now available for review. To the extent, however, that this Court concludes under *Cuzzo* that it is barred from reviewing the Board's decision regarding redundancy under 35 U.S.C. § 314(d), SCHOTT respectfully asks that the Court grant this petition.

As summarized below and set forth in SCHOTT's opening brief in its pending direct appeal, the Board's refusal to consider certain grounds of unpatentability as being "redundant" with other grounds selected for trial was contrary to law and warrants mandamus relief under the exacting requirements for mandamus relief set forth in

*Cuozzo*. SCHOTT therefore requests an order instructing the Board to consider on the merits those grounds wrongly dismissed by the Board as redundant.

## II.    Jurisdictional Statement

This Court has jurisdiction over this Petition under the All Writs Act, 28 U.S.C. § 1651. In addition, this Court has jurisdiction because the underlying action involves a decision of the Board with respect to patents under Title 35. 28 U.S.C. § 1295; *see In re Princo Corp.*, 478 F.3d 1345, 1351 (Fed. Cir. 2007).

## III.   Legal Standard

"The writ of mandamus is available in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1318 (Fed. Cir. 2008). Mandamus is available to confine the power of the USPTO to its lawful limits. *See Weil v. Dann*, 503 F.2d 562, 563 (CCPA 1974). Three conditions must be satisfied for the writ to issue: (1) the petitioner must have no other adequate means to attain relief, (2) the petitioner must show a clear and indisputable right to issuance of the writ, and (3) the issuing court must, in its discretion, be satisfied that the writ is appropriate under the circumstances. *Cuozzo*, 2015 U.S. App. LEXIS, at *11–12.

3

## IV.    Relief Sought

SCHOTT requests that the Court issue a writ of mandamus instructing the Board to conduct a trial on Grounds 1 and 8 presented in SCHOTT's petition for *inter partes* review.

## V.    Issue Presented

Whether the Board abused its discretion by denying review of Grounds 1 and 8 in SCHOTT's petition for *inter partes* review based on the conclusion that those grounds were redundant with the grounds instituted for trial when, as a matter of law, Grounds 1 and 8 are not redundant.

## VI.    Statement of Facts

The detailed facts underlying this case are set forth in SCHOTT's opening brief in Case No. 15-1073, and the facts pertinent to this petition are summarized here.

In its petition for *inter partes* review, SCHOTT presented nine grounds of unpatentability directed to claims 1, 13, and 25 of U.S. Patent No. 8,286,561 ("the '561 Patent"), each based on one or more of five prior art references: U.S. Patent 5,994,685 ("Angros"), WO2006/044641 ("Picken"), U.S. Patent 6,872,441 ("Baumann"), U.S. Patent Publication No. 2012/0009396 ("Sikka"), and U.S. Patent

4

6,352,758 ("Huang"). A5–13, A31–A51. Among the grounds presented in the petition, SCHOTT asserted that Angros anticipated claims 1 and 25 of the '561 patent (Ground 1) and that Sikka and Baumann rendered claim 13 obvious under § 103 (Ground 8). A89, A97–A98, A101–A102.

In its decision instituting *inter partes* review, the Board limited trial to considering (i) the obviousness of claims 1 and 25 over the combination of Angros and Picken (Ground 3), and (ii) the obviousness of claim 13 over the combination of Angros, Picken, and Baumann (a combination of Grounds 6 and 7). A184–A191. In so doing, the Board concluded that SCHOTT's arguments in Ground 1, based on anticipation by Angros, were "redundant in light of the determination that there is a reasonable likelihood that the challenged claims would have been obvious over Angros and Picken." A192. Similarly, the Board deemed Ground 8, directed to obviousness over Sikka and Baumann, to be redundant with the instituted grounds based on Angros, Picken, and Baumann. A191–A192.

Subsequently in its final written decision, the Board upheld the patentability of claims 1, 13, and 25, based on a determination that Angros did not qualify as analogous art as required to render claims

obvious under § 103. A365–A374. The question of analogous art would have been legally irrelevant to the allegedly "redundant" issue of anticipation by Angros presented in Ground 1. In addition, the Board's decision excluded any consideration of Sikka, which is indisputably analogous art to Claim 13, as presented in Ground 8.

## VII.  Reasons for Granting the Writ

In *Cuozzo*, this Court stated that "mandamus may be available to challenge the PTO's decision to grant a petition to institute IPR after the Board's final decision in situations where the PTO has clearly and indisputably exceeded its authority." 2015 U.S. App. LEXIS 1699, at *10–11. This is such a case.

### A.    The Board Exceeded Its Authority By Refusing To Hear Grounds 1 And 8 As Redundant

The Board committed legal error by rejecting summarily Grounds 1 and 8 on the basis of redundancy.

#### 1.    The Board's Decision Lacked Any Statutory Basis

As an initial matter, neither the statute nor the rules authorize the Board to decline to decide whether a particular ground meets the statutory standard for institution. "Redundancy" is an arbitrary rule that, without statutory authority, the Board itself created to avoid

instituting trial on certain grounds without giving those grounds due consideration as required by law.

The Board elaborated on the rule in *Liberty Mutual Ins. Co. v. Progressive Casualty Ins. Co.*, CBM2012-00003, Paper 7 (PTAB Oct. 25, 2012). This decision ("the Redundancy Order") was issued by an expanded panel of the Board that included the Chief Administrative Patent Judge, the Vice Chief Administrative Patent Judge, the Lead Administrative Patent Judge, and six Administrative Patent Judges. *Liberty Mutual Ins.*, CBM2012-00003, Paper 7 at 1.

In the Redundancy Order, the Board relied on 35 U.S.C. § 326(b) and 37 C.F.R. § 42.1(b) to hold "that multiple grounds, which are presented in a redundant manner by a petitioner who makes no meaningful distinction between them, are contrary to the regulatory and statutory mandates, and therefore are not all entitled to consideration."[2] *Liberty Mutual Ins.*, CBM2012-00003, Paper 7 at 2. Neither Sections 316(b) and 326(b) nor Rule 42.1(b) contain, however, any provision that authorizes the Board to decline to consider grounds

---

[2] The counterpart to 35 U.S.C. § 326(b) under Chapter 31 of Title 35, governing the conduct of *inter partes* review, is 35 U.S.C. § 316(b), which contains language identical to § 326(b).

asserted in a petition based on redundancy. Rather, Sections 316(b) and 326(b) provide that "the Director shall consider the effect of any such regulation on the economy, the integrity of the patent system, the efficient administration of the Office, and the ability of the Office to timely complete proceedings instituted under this chapter." 35 U.S.C. §§ 316(b), 326(b). Rule 42.1(b) merely reflects the considerations identified in § 316(b) and § 326(b). *See* 77 Fed. Reg. 48612, 48615 (Aug. 14, 2012).

Section 314(a), which governs institution of *inter partes* review, states that the Board may not institute trial unless it is determined that there is a reasonable likelihood that the petitioner would prevail with respect to at least one claim challenged in the petition. 35 U.S.C. § 314(a). Accordingly, when the grounds presented in a petition state independent bases for invalidity, such as anticipation and obviousness, the Board must make a substantive determination as to whether the petitioner has met its burden on each of those independent grounds. This is not a case where a ground deemed redundant—such as Grounds 1 and 8—was so similar to another ground selected for trial that a decision on one would necessarily dispose of the other.

The Redundancy Order, which the Board has not designated as either precedential or informative, creates a new rule that deprives petitioners like SCHOTT from having the Board consider the merits of all the grounds asserted in the petition. If the Board believed it had the power to create such a rule and that it was necessary, the Board should have proposed such rule under the rule making process set forth in the Administrative Procedure Act. *See* 5 U.S.C. § 553.

### 2. The Board's Decision Regarding Ground 1 Ignores That Anticipation Is Per Se Different Than Obviousness

The Board reached across statutory categories to hold the anticipation asserted in Ground 1 redundant with the obviousness grounds selected for trial. Anticipation and obviousness are distinct grounds for unpatentability with different substantive requirements. *Cohesive Techs., Inc. v. Waters Corp.*, 543 F.3d 1351, 1364 (Fed. Cir. 2008). It was error to conflate those grounds, and that error resulted in prejudice to SCHOTT when the Board concluded that Angros did not qualify under § 103 as non-analogous art—a conclusion that would have been "irrelevant to whether that reference anticipates" under the allegedly redundant Ground 1. *See State Contracting & Eng'g Corp. v.*

9

*Condotte Am., Inc.*, 346 F.3d 1057, 1068–69 (Fed. Cir. 2003). In addition, SSW relied on secondary considerations to justify a finding of non-obviousness (A238–A250) an issue that the Board disregarded as moot (A377), but to the extent SCHOTT prevails on appeal, such secondary considerations would have no relevance to anticipation. *In re Paulsen*, 30 F.3d 1475, 1482 n.11 (Fed. Cir. 1994) ("[E]vidence of nonobviousness is irrelevant for patentability purposes when an invention is anticipated under section 102.").

### 3. The Board's Decision Regarding Ground 8 Disregards The Substance Of The Sikka Reference

The Board's final written decision similarly belied its redundancy rejection of Ground 8. The Sikka reference cited in Ground 8 describes prior art refrigerator shelves, which are unquestionably included in the same field of endeavor described in the '561 patent. Accordingly, the non-analogous art label applied to reject all instituted grounds based on Angros could not have applied to Ground 8 based on Sikka, and Ground 8 therefore could not have been legally "redundant" with the instituted grounds. SCHOTT was entitled to have Grounds 1 and 8 considered on the merits, and the Board abused its discretion in clear violation of law by refusing to do so.

## B. This Case Meets The Stringent Requirements For Mandamus

As an initial matter, nothing in the statutory framework governing *inter partes* review or applicable precedent prevents mandamus review of the Board's erroneous institution decision in this case. Section 314(d) states only that the Director's decision "whether to institute inter partes review is final and *nonappealable*." (emphasis added); *see Madden v. Myers*, 102 F.3d 74, 77 (3d Cir. 1996) (explaining that a writ of mandamus is "different in kind from an appeal"); *In re Rhone-Poulenc Inc.*, 51 F.3d 1293, 1294 (7th Cir. 1995) (stating that "even nonappealable orders can be challenged by asking the court of appeals to mandamus the district court"). SCHOTT is not seeking review of the denial of a petition. *In re Dominion Dealer Solutions, LLC*, 749 F.3d 1379 (Fed. Cir. 2014). Nor is SCHOTT seeking interlocutory review of an institution decision. *See In re Procter & Gamble Co.*, 749 F.3d 1376, 1378–79 (Fed. Cir. 2014).

All of the requirements for a mandamus petition exist here. ***First***, to the extent the Court concludes it is precluded from reviewing the Board's redundancy finding on appeal, there is no other adequate means for the petitioner to obtain adequate relief given that the Court

11

held in *Cuozzo* that mandamus offered the sole possibility to challenge the PTO's decision to institute after issuance of a final written decision. *Cuozzo*, 2015 U.S. App. LEXIS 1699, at *10–11, 12. **Second**, unlike in *Cuozzo*, SCHOTT has a clear and undisputable right to relief. As described above and in SCHOTT's opening brief in Case No. 15-1073, the Board erred as a matter of law by treating Grounds 1 and 8 as being redundant with the instituted obviousness grounds based on Angros. In so doing, the Board "clearly and indisputably exceeded its authority" under the *inter partes* review statutes. **Third**, SCHOTT respectfully submits that issuance of the writ is appropriate under the circumstances of this case. The Board's erroneous redundancy determination was contrary to law, caused clear prejudice to SCHOTT, and lacked any cognizable administrative justification.

## VIII. Conclusion

For the foregoing reasons, and those stated in SCHOTT's opening brief on appeal in Case No. 15-1073 pending before this Court, SCHOTT requests that its petition be granted and that the Court remand with instructions for the Board to consider Grounds 1 and 8 in the context of trial.

Respectfully submitted,

Dated: April 6, 2015                    /s/ Marshall J. Schmitt
                                        Marshall J. Schmitt
                                        Gilberto E. Espinoza
                                        Andrew T. Dufresne
                                        MICHAEL BEST & FRIEDRICH LLP
                                        Two Prudential Plaza
                                        180 N. Stetson Avenue, Suite 2000
                                        Chicago, Illinois  60601-6710
                                        Telephone: 312-222-0800
                                        Facsimile: 312-222-0818
                                        mjschmitt@michaelbest.com
                                        geespinoza@michaelbest.com
                                        atdufresne@michaelbest.com

                                        *Attorneys for Appellant*
                                        *SCHOTT Gemtron Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that, on the 6th day of April, 2015, two bound copies of SCHOTT Gemtron Corporation's Petition for Writ of Mandamus were served by First Class Mail and electronic transmission on the following parties:

> Director of the United States Patent and Trademark Office
> c/o Office of the Solicitor
> Nathan K. Kelley, Solicitor
>     nathan.kelley@uspto.gov
> William LaMarca, Associate Solicitor
>     william.lamarca@uspto.gov
> Scott Weidenfeller, Associate Solicitor
>     william.lamarca@uspto.gov
> Monica B. Lateef, Associate Solicitor
>     monica.lateef@uspto.gov
> Mail Stop 8
> P.O. Box 1450
> Alexandria, Virginia 22213-1450
> Telephone: 571-272-9035
> Facsimile: 571-273-0373

> *Attorneys for the United States Patent and Trademark Office*

> Nathaniel L. Dilger
>     ndilger@onellp.com
> ONE LLP
> 4000 MacArthur Blvd.
> East Tower, Suite 500
> Newport Beach, California 92660
> Telephone: 949-502-2874
> Facsimile: 949-258-5081

> *Attorneys for SSW Holding Company Inc.*

I further certify that pursuant to Fed. R. App. P. 25(a)(2)(D) and

25(c), Federal Circuit Rule 25(a), and ECF-1 and ECF-8(C) of the

Court's Administrative Order Regarding Electronic Case Filing, dated

May 17, 2012, the required bound hard copies and one electronic file of

the foregoing Petition for Writ of Mandamus was filed on the 6th day of

April 2015 by hand delivery in the Office of the Clerk, United States

Court of Appeals for the Federal Circuit at the following address:

>Office of the Clerk
>United States Court of Appeals for the Federal Circuit
>717 Madison Place, N.W.
>Washington, D.C. 20439

Dated: April 6, 2015            /s/ Marshall J. Schmitt
                                Marshall J. Schmitt
                                MICHAEL BEST & FRIEDRICH LLP
                                Two Prudential Plaza
                                180 N. Stetson Avenue, Suite 2000
                                Chicago, Illinois  60601-6710
                                Telephone: 312-222-0800
                                Facsimile: 312-222-0818
                                mjschmitt@michaelbest.com

**FORM 8.   Entry of Appearance**

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

In re SCHOTT Gemtron Corporation v. _____

No. _____

## ENTRY OF APPEARANCE

(INSTRUCTIONS: Counsel should refer to Federal Circuit Rule 47.3.  Pro se petitioners and appellants should read paragraphs 1 and 18 of the Guide for Pro Se Petitioners and Appellants. File this form with the clerk within 14 days of the date of docketing and serve a copy of it on the principal attorney for each party.)

Please enter my appearance (select one):

[ ] Pro Se        [✓] As counsel for:        SCHOTT Gemtron Corporation
                                             Name of party

I am, or the party I represent is (select one):

[✓] Petitioner    [ ] Respondent    [ ] Amicus curiae    [ ] Cross Appellant
[ ] Appellant     [ ] Appellee      [ ] Intervenor

As amicus curiae or intervenor, this party supports (select one):

[ ] Petitioner or appellant      [ ] Respondent or appellee

My address and telephone are:

Name:              Marshall J. Schmitt
Law firm:          Michael Best & Friedrich LLP
Address:           Two Prudential Plaza, 180 North Stetson Ave., Suite 2000
City, State and ZIP:   Chicago, Illinois 60601
Telephone:         312-596-5828
Fax #:             312-222-0818
E-mail address:    mjschmitt@michaelbest.com

Statement to be completed by counsel only (select one):

[✓]  I am the principal attorney for this party in this case and will accept all service for the party. I agree to inform all other counsel in this case of the matters served upon me.

[ ]  I am replacing _____ as the principal attorney who will/will not remain on the case. [Government attorneys only.]

[ ]  I am not the principal attorney for this party in this case.

Date admitted to Federal Circuit bar (counsel only): October 27, 2008

This is my first appearance before the United States Court of Appeals for the Federal Circuit (counsel only):

[ ] Yes    [✓] No

[ ] A courtroom accessible to the handicapped is required if oral argument is scheduled.

April 6, 2015                          /s/ Marshall J. Schmitt
_____                        _____
Date                                  Signature of pro se or counsel

cc: Office of the Solicitor, USPTO; Nate Dilger (counsel for SSW)

**FORM 8.   Entry of Appearance**

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

In re SCHOTT Gemtron Corporation v. _____

No. _____

# ENTRY OF APPEARANCE

(INSTRUCTIONS: Counsel should refer to Federal Circuit Rule 47.3.  Pro se petitioners and appellants should read paragraphs 1 and 18 of the Guide for Pro Se Petitioners and Appellants. File this form with the clerk within 14 days of the date of docketing and serve a copy of it on the principal attorney for each party.)

Please enter my appearance (select one):

[  ] Pro Se        [✓] As counsel for:      SCHOTT Gemtron Corporation
                                              Name of party

I am, or the party I represent is (select one):

[✓] Petitioner    [  ] Respondent    [  ] Amicus curiae    [  ] Cross Appellant

[  ] Appellant    [  ] Appellee    [  ] Intervenor

As amicus curiae or intervenor, this party supports (select one):

[  ] Petitioner or appellant       [  ] Respondent or appellee

My address and telephone are:

| | |
|---|---|
| Name: | Gilberto E. Espinoza |
| Law firm: | Michael Best & Friedrich LLP |
| Address: | Two Prudential Plaza, 180 North Stetson Ave., Suite 2000 |
| City, State and ZIP: | Chicago, Illinois 60601 |
| Telephone: | 312-596-5802 |
| Fax #: | 312-222-0818 |
| E-mail address: | geespinoza@michaelbest.com |

Statement to be completed by counsel only (select one):

[  ] I am the principal attorney for this party in this case and will accept all service for the party. I agree to inform all other counsel in this case of the matters served upon me.

[  ] I am replacing _____ as the principal attorney who will/will not remain on the case. [Government attorneys only.]

[✓] I am not the principal attorney for this party in this case.

Date admitted to Federal Circuit bar (counsel only): October 20, 2008

This is my first appearance before the United States Court of Appeals for the Federal Circuit (counsel only):

[  ] Yes    [✓] No

[  ] A courtroom accessible to the handicapped is required if oral argument is scheduled.

| | |
|---|---|
| April 6, 2015 | /s/ Gilberto E. Espinoza |
| Date | Signature of pro se or counsel |

cc: Office of the Solicitor, USPTO; Nate Dilger (counsel for SSW)

**FORM 8.  Entry of Appearance**

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

In re SCHOTT Gemtron Corporation v. _____

No. _____

# ENTRY OF APPEARANCE

(INSTRUCTIONS: Counsel should refer to Federal Circuit Rule 47.3.  Pro se petitioners and appellants should read paragraphs 1 and 18 of the Guide for Pro Se Petitioners and Appellants. File this form with the clerk within 14 days of the date of docketing and serve a copy of it on the principal attorney for each party.)

Please enter my appearance (select one):

☐ Pro Se          ☑ As counsel for:          SCHOTT Gemtron Corporation
                                                Name of party

I am, or the party I represent is (select one):

☑ Petitioner     ☐ Respondent     ☐ Amicus curiae     ☐ Cross Appellant

☐ Appellant     ☐ Appellee     ☐ Intervenor

As amicus curiae or intervenor, this party supports (select one):

☐ Petitioner or appellant          ☐ Respondent or appellee

My address and telephone are:

| | |
|---|---|
| Name: | Andrew T. Dufresne |
| Law firm: | Michael Best & Friedrich LLP |
| Address: | One South Pinckney St., Suite 700 |
| City, State and ZIP: | Madison, WI 53701 |
| Telephone: | 608-283-0137 |
| Fax #: | 608-283-2275 |
| E-mail address: | atdufresne@michaelbest.com |

Statement to be completed by counsel only (select one):

☐ I am the principal attorney for this party in this case and will accept all service for the party. I agree to inform all other counsel in this case of the matters served upon me.

☐ I am replacing _____ as the principal attorney who will/will not remain on the case. [Government attorneys only.]

☑ I am not the principal attorney for this party in this case.

Date admitted to Federal Circuit bar (counsel only): November 9, 2012

This is my first appearance before the United States Court of Appeals for the Federal Circuit (counsel only):

☐ Yes     ☑ No

☐ A courtroom accessible to the handicapped is required if oral argument is scheduled.

| | |
|---|---|
| April 6, 2015 | /s/ Andrew T. Dufresne |
| Date | Signature of pro se or counsel |

cc: Office of the Solicitor, USPTO; Nate Dilger (counsel for SSW)

123